United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM SERVICING CORP., | No. C-11-2890 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| MYRNA G. CASTANEDA, *et al.*, | |
| Defendant(s). | **(Docket No. 5)** |

In November 2010, Plaintiff Quantum Servicing Corp. initiated this lawsuit against several individual defendants, including Maria L. Esquivias. In its complaint, Quantum asserted a claim for unlawful detainer. More than six months later, Ms. Esquivias removed the case to federal court. Quantum now moves for a remand of the action back to state court. Ms. Esquivias failed to file an opposition to the motion. Having considered the papers submitted, the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for September 2, 2011. The Court hereby **GRANTS** Quantum's motion.

**I.     DISCUSSION**

A.     Remand

Remand is warranted for two independent reasons. First, as Quantum argues, the removal was untimely. Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b). Quantum has submitted a proof of service indicating that Ms. Esquivias was served in November 2010. *See* Pl.'s RJN, Ex. 2. Ms. Esquivias,

however, did not remove the case until more than six months later – and after the state court rendered a decision against her. *See id.*, Ex. 4.

Second, remand is proper because the Court lacks subject matter jurisdiction over the case. Ms. Esquivias has asserted federal question jurisdiction on the ground that Quantum has violated federal law, but federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's answer or counterclaims. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179 (9th Cir. 2002). While Ms. Esquivias has also asserted diversity jurisdiction, diversity jurisdiction requires not only that there be complete diversity in citizenship but also that the amount in controversy exceed $75,000. Here, Quantum's complaint clearly states in the caption that the amount demanded does not exceed $10,000. The fact that the property at issue may be worth more than $75,000 is irrelevant. If Quantum prevails in its action, Ms. Esquivias's "liability will be measured by the *fair rental value* of the property for the time [she] unlawfully occupied it." *Bank United v. Peters*, No. C 11-1756 PJH, 2011 U.S. Dist. LEXIS 54884, at *4 (N.D. Cal. May 23, 2011).

Accordingly, the Court grants Quantum's motion to remand. The only issues remaining are whether Quantum is entitled to its attorney's fees and whether a Court order barring further removals in this case is appropriate.

B.  Attorney's Fees

Quantum asks that the Court order Ms. Esquivias to pay its attorney's fees because her removal was without basis. *See* 28 U.S.C. § 1447 (providing that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court. More specifically, it held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under §

1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

In the instant case, the Court concludes that the removal by Ms. Esquivias was objectively unreasonable. That conclusion, however, does not mean that the Court must award Quantum its fees. The Court may award fees because of its conclusion but is not required to do so. In fact, the Court concludes that, under the circumstances, fees are not appropriate, in particular, because Ms. Esquivias is a pro se litigant and likely unable to pay a fee award given that her home was foreclosed upon. See *Deutsche Bank Nat'l Trust Co. v. Cabalu*, No. C-10-02624 EDL, 2010 U.S. Dist. LEXIS 103585, at *9-10 (N.D. Cal. Sept. 30, 2010) (R&R) (noting that "an award of fees and costs would be appropriate because there was no objectively reasonable basis for removal of this purely state law case" but exercising discretion not to award fees given defendants' pro se status; also noting representation by one defendant that he was not employed and unable to afford any judgment), *adopted by* 2010 U.S. Dist. LEXIS 123709 (N.D. Cal. Nov. 22, 2010); *OneWest Bank, FSB v. Mohr*, No. C 10-00639 SBA, 2010 U.S. Dist. LEXIS 79535, at *9 (N.D. Cal. July 7, 2010) (noting that removal was not objectively reasonable but declining to award fees because defendants were not represented); *Szanto v. Szanto*, No. C 10-1364 RS, 2010 U.S. Dist. LEXIS 63841, at *5 (N.D. Cal. June 7, 2010) (noting that a pro se litigant's "lack of understanding as to the specialized procedural hurdles involved in removal jurisdiction is understandable"). Also, the Court cannot say that the removal was necessarily undertaken in bad faith because Ms. Esquivias apparently intended to assert federal law claims against Quantum (*e.g.*, violation of the Truth in Lending Act and violation of due process). *See HSBC Bank USA, N.A. v. Tran*, No. 5:10-cv-03069-JF/PVT, 2010 U.S. Dist. LEXIS 124999, at *3-4 (N.D. Cal. Nov. 9, 2010) (stating that, "[w]hile removal is inappropriate where a complaint rests solely on state law claims, in light of Tran's pro se status and an apparent intent to assert a claim under TILA, the Court declines to award fees here"). The rule that removal cannot be based on a federal defense is not intuitively obvious to a pro se litigant.

Finally, the Court holds that an award is not appropriate because Quantum has not provided any evidence or argument justifying the fees requested ($2,100) and the Court has concerns as to whether the fees requested are reasonable. On the latter point, the Court notes that Quantum's

counsel should not have spent a significant amount of time on the motion given that it was "a straightforward motion to remand that should have been prepared largely from experience." *Fannie Mae v. Ezell*, No. 1:11-cv-00973 OWW SMS, 2011 U.S. Dist. LEXIS 82296, at *5 (E.D. Cal. July 26, 2011) (concluding that the motion to remand did not require six hours of billable time).

The Court thus denies the request for fees.

C. <u>Order Barring Further Removals</u>

Quantum's final request for relief is for a Court order barring future removals in this case. It appears that Quantum seeks this relief as a sanction pursuant to Federal Rule of Civil Procedure 11. The Court is not unsympathetic to Quantum's position. However, it cannot say there is, at this juncture, sufficient evidence to warrant the relief sought by Quantum. The Court acknowledges that Ms. Esquivias sought to remove the case after the state court had already ruled against her and that she also initiated a bankruptcy proceeding thereafter, which delayed matters. But that in and of itself, while arguably suggestive of bad faith, is not dispositive.[1] The case cited by Quantum is distinguishable because, there, the defendant had removed once on improper grounds and then tried to remove a second time. *See U.S. Bank Nat'l Ass'n v. Garcia*, No. CIV S-10-1623 LKK GGH PS, 2010 U.S. Dist. LEXIS 91749, at *1-2 (E.D. Cal. Sept. 3, 2010). Here, Ms. Esquivias has only tried to remove one time.

While the Court shall not order the relief requested, the Court does take this opportunity to advise Ms. Esquivias that should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned. This includes monetary sanctions.

///
///
///
///
///

---

[1] Although bad faith is not required for sanctions under Rule 11, *see Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (stating that "[a] violation of the rule does not require subjective bad faith"), Quantum has argued for sanctions based on bad faith only.

4

## II. CONCLUSION

For the foregoing reasons, the Court grants Quantum's motion to remand but declines to award fees or other relief. The hearing on September 2, 2011, is vacated.

This order disposes of Docket No. 5.

IT IS SO ORDERED.

Dated: August 29, 2011

_____
EDWARD M. CHEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

QUANTUM SERVICING CORP,

    Plaintiff,

v.

MYRNA G CASTANEDA et al,

    Defendant.

Case Number: CV11-02890 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maria L. Esquivias
2724 Xavier Street
East Palo Alto, CA 94303

Dated: August 29, 2011

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

6